UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DENVER M. GOREE,

                Petitioner,                    Case Number: 05-CV-74592

v.                                        HON. ARTHUR J. TARNOW

SHERRY L. BURT,

                Respondent.

                                                /

## OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

**I.**

Petitioner Denver M. Goree has filed a *pro se* petition for a writ of habeas corpus

pursuant to 28 U.S.C. § 2254.  Petitioner, who is currently incarcerated at the Muskegon

Correctional Facility in Muskegon, Michigan, challenges the Michigan Parole Board's decision

denying him release on parole and declining to recommend commutation of his sentence.  For

the reasons set forth below, the Court denies the petition.

**II.**

Following a jury trial in Kent County Circuit Court, Petitioner was convicted of the first-

degree felony murder of a police officer.  On January 19, 1969, he was sentenced to life

imprisonment.  Petitioner does not challenge the constitutionality of that conviction.  Instead, he

challenges the actions of the Michigan Parole Board (MPB).  Petitioner claims that the MPB

violated his right to due process when it declined to recommend commutation of his sentence

and failed to release him on parole despite a favorable parole guidelines score.

There is no constitutional right of a lawfully convicted person to be conditionally

Goree v. Burt, No. 05-cv-74592

released before the expiration of a valid sentence.  *See* Greenholtz v. Inmates of Nebraska Penal

& Corr. Complex, 442 U.S. 1, 7 (1979); Bd. of Pardons v. Allen, 482 U.S. 369, 377 n.8 (1987).

Thus, there is no federal constitutional right to parole.  Gavin v. Wells, 914 F.2d 97, 98 (6th Cir.

1990).

In addition, Michigan law does not create a liberty interest in parole.  Caldwell v.

McNutt, 158 Fed. Appx. 739, 740 (6th Cir. 2006).  In Michigan, the decision to release a prisoner

on parole is a discretionary decision of the parole board.  In re Parole of Johnson, 235 Mich.

App. 21, 596 N.W.2d 202 (1999) (per curiam) (citing Mich. Comp. Laws § 791.234(6)(d) and

791.234(7)).  *See also* Mich. Comp. Laws § 791.234(9).  Because the Michigan Parole Board has

discretion whether to grant parole, a defendant does not have a protected liberty interest in being

released on parole.  Canales v. Gabry, 844 F. Supp. 1167, 1171 (E.D. Mich. 1994).  *See also*

Wright v. Trammell, 810 F.2d 589, 590 (6th Cir. 1987) ("[T]he expectancy of release upon parole

is not a constitutionally protected interest where the state holds out 'no more than a mere hope

that the benefit will be obtained.'") (quoting Greenholtz, 442 U.S. at 11, 99 S. Ct. 2100).

Consequently, Petitioner does "not have a sufficient liberty interest in his future parole release to

be entitled to due process in his parole release proceedings."  Sharp v. Leonard, 611 F.2d 136,

137 (6th Cir. 1979).

In addition, Petitioner claims that he has a right to due process in the MPB's decision

whether to recommend commutation of his sentence because MPB Policy Directive 45.12

creates a liberty interest in commutation.  The Sixth Circuit Court of Appeals has held that

directive 45.12 did not create a constitutionally protected liberty interest in eligibility for

Goree v. Burt, No. 05-cv-74592

sentence commutation. <u>Moran v. McGinnis</u>, No. 95-1330, 1996 WL 304344, *1-2 (6th Cir. June

5, 1996). Thus, Petitioner fails to establish a due process violation.

## III.

For the foregoing reasons, **IT IS ORDERED** that the petition for a writ of habeas corpus

is **DENIED** and the matter is **DISMISSED WITH PREJUDICE**.


s/Arthur J. Tarnow
Arthur J. Tarnow
United States District Judge

Dated: December 28, 2006

I hereby certify that a copy of the foregoing document was served upon counsel of record on
December 28, 2006, by electronic and/or ordinary mail.

s/Theresa E. Taylor
Case Manager

3