# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

DENVER M. GOREE,

        Petitioner,                       Case Number: 05-CV-74592

v.                                           HON. ARTHUR J. TARNOW

SHERRY L. BURT,

        Respondent.
_____/

## OPINION AND ORDER DENYING IN PART AND GRANTING IN PART MOTION FOR CERTIFICATE OF APPEALABILITY, DENYING MOTION TO WAIVE FEES, AND GRANTING PERMISSION TO PROCEED *IN FORMA PAUPERIS* ON APPEAL

Petitioner Denver M. Goree filed a *pro se* petition for a writ of habeas corpus. Petitioner is incarcerated to a term of life imprisonment for the first-degree felony murder of a police officer. In his petition, Petitioner challenged the actions of the Michigan Parole Board (MPB). Petitioner claimed the MPB violated his right to due process when it declined to recommend commutation of his sentence and failed to release him on parole despite a favorable parole guidelines score. The Court denied the petition. Now before the Court are Petitioner's Motion for Certificate of Appealability and Motion to Waive Fees.

Before Petitioner can appeal the Court's decision, a certificate of appealability under 28 U.S.C § 2253(c)(1)(A) and Fed. R. App. P. 22(b) must issue. A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In Slack v. McDaniel, 529 U.S. 473, 120 S. Ct. 1595 (2000), the United States Supreme Court held that where a petition is rejected on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the

constitutional claims debatable or wrong." 120 S. Ct. at 1604. In this Circuit, the Court must make an individualized determination of each claim raised in the petition in considering whether or not to grant a certificate of appealability. See Murphy v. State of Ohio, 263 F.3d 466 (6th Cir. 2001) (per curiam).

In the present case, the Court found that because there is no constitutional right of a lawfully convicted person to be conditionally released before the expiration of a valid sentence *see* Greenholtz v. Inmates of Nebraska Penal & Corr. Complex, 442 U.S. 1, 7 (1979), and because Michigan law does not create a liberty interest in parole, *see* Caldwell v. McNutt, 158 Fed. Appx. 739, 740 (6th Cir. 2006), Petitioner could not show that he had a sufficient liberty interested in parole to be guaranteed due process in parole release proceedings. Based upon the well-settled nature of the law on this issue, the Court finds that reasonable jurists could not find its decision to be debatable or wrong and, therefore, denies a certificate of appealability on this claim.

In his second claim, Petitioner argued that MPB Policy Directive 45.12 creates a liberty interest in eligibility for sentence commutation and that his due process rights in this process were violated. The Court denied this claim on the ground that a prisoner has no constitutionally protected liberty interest in eligibility for sentence commutations. In reaching this decision, the Court relied on the Sixth Circuit Court of Appeals' decision in Moran v. McGinnis, No. 95-1330, 1996 WL 304344, *1-2 (6th Cir. June 5, 1996). Because the law in this area is not as well-established or as fully developed as it is in the context of the first claim, the Court finds that reasonable jurists could debate whether Petitioner "deserve[s] encouragement to proceed further." Slack, 120 S. Ct. at 1603-04 (internal quotation omitted).

2

Petitioner also has filed a Motion to Waive Fees asking the Court to allow him to proceed on appeal without paying any filing fees. Under 28 U.S.C. § 1915(b), a prisoner who is granted *in forma pauperis* status on appeal may proceed without prepayment of the filing fee, however, the prisoner is still required to pay the full filing fee on an installment basis. The Prison Litigation Reform Act does not allow any exemptions to the requirement that an indigent prisoner pay the filing fee over time. In re Prison Litigation Reform Act, 105 F.3d 1131, 1133-34 (6th Cir.1997).

While the Court cannot waive the filing fee, the Court will grant Petitioner leave to appeal without *prepayment* of the fee. A court may grant *in forma pauperis* status if the Court finds that an appeal is being taken in good faith. See 28 U.S.C. § 1915(a)(3); Fed. R. App.24 (a). Because this Court is granting a certificate of appealability, this Court finds that Petitioner's appeal is undertaken in good faith and will grant him leave to appeal *in forma pauperis*.

Accordingly, for the foregoing reasons, **IT IS ORDERED** that a certificate of appealability is **GRANTED** as to Petitioner's claim that he was deprived of his right to due process in sentence commutation proceedings and a certificate of appealability is **DENIED** with respect to the remaining claim.

**IT IS FURTHER ORDERED** that Petitioner's Motion to Waive Fees is **DENIED** and *in forma pauperis* status is **GRANTED.**

S/Arthur J. Tarnow
Arthur J. Tarnow
Dated: August 29, 2007        United States District Judge

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 29, 2007, by electronic and/or ordinary mail.

S/Catherine A. Pickles
Judicial Secretary